IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLASS W. HYSELL,                         No. CIV S-04-0355-FCD-CMK-P

      Plaintiff,

  vs.                                                  ORDER

C.K. PLILER, et al.,

      Defendants.

_____/

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The action is proceeding on plaintiff's second amended complaint, filed on July 13, 2004.  Defendants Woodford, Johnson, Hamad, Carlson, Jackson, Hill, Pliler, Goldsmith, and Rosario appeared in the action on August 17, 2005, by way of their answer filed on August 17, 2005.[1]  Pending before the court are a number of motions and requests filed by plaintiff.  Specifically, plaintiff has filed motions seeking permission to file a supplemental complaint (Docs. 39 and 47), requests for judicial notice (Docs. 45, 48, 51, and 53), and motion

---

[1] The court determined that the second amended complaint was also appropriate for service on defendants Grant, Wiley, and "CDC Deputy Director."  On June 14, 2005, the summons was returned unexecuted as to defendant "CDC Deputy Director."  On November 22, 2005, the summonses were returned unexecuted as to defendants Grant and Wiley.

1

1  to compel discovery (Doc. 55).  Also pending are plaintiff's motions for temporary restraining
2  orders (Docs. 44, 46, and 52), which will be addressed separately.

       A.     **Requests to File Supplemental Complaint (Docs. 39 and 47)**

              Turning first to plaintiff's requests for permission to file a supplemental complaint, plaintiff states in his first such request that he wants to add claims concerning events which have occurred since he was transferred from California State Prison, Sacramento (where the events alleged in the instant action occurred), to Mule Creek State Prison.  Plaintiff also states that he wants to add two additional plaintiffs, both of whom are inmates at Mule Creek State Prison.  In his second request, plaintiff states the same grounds for filing a supplemental complaint and also attached the proposed supplement.  Both of plaintiff's requests are specifically made under Federal Rule of Civil Procedure 15(d).

              Rule 15(d) provides that the court may, in its broad discretion, allow supplemental pleadings.  In this case, the operative complaint in this case concerns events which occurred at California State Prison, Sacramento, and involve only one plaintiff.  The proposed supplemental complaint includes allegations concerning events at Mule Creek State Prison, as well as those at California State Prison, Sacramento, and involve three plaintiffs.  The court finds that allowing this action to proceed with multiple incarcerated pro se plaintiffs presents procedural problems that cause delay and confusion.  This is consistent with the court's February 19, 2004, order severing this action.  To the extent plaintiff, along with the other two inmates mentioned in his papers, have claims arising from events at Mule Creek State Prison, such claims should be presented to the court in the context of separate actions by each inmate.

       B.     **Requests for Judicial Notice (Docs. 45, 48, 51, and 53)**

              Under Federal Rule of Evidence 201, the court may take judicial notice of adjudicative facts which are either generally known or capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.  In each of the pending requests for judicial notice, plaintiff recites "facts" which allegedly occurred at Mule

1  Creek State Prison. The court cannot properly take judicial notice under Rule 201. The matters
2  set forth in the requests are not adjudicative in that they concern events at Mule Creek State
3  Prison and do not relate to the events alleged in the second amended complaint. Moreover, the
4  matters set forth in the requests for judicial notice do not concern defendants to the instant
5  action. Simply put, the matters are irrelevant to this case. Finally, the matters set forth are not
6  generally known or capable of determination by resort to sources whose accuracy cannot be
7  disputed. Quite the contrary, the matters set forth in the requests for judicial notice are really
8  allegations of wrongdoing which are subject to reasonable dispute.

      **C.**     **Motion to Compel Discovery (Doc. 55)**

      Federal Rule of Civil Procedure 37(d) provides, in pertinent part, as follows:

> If a party...fails...to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or...to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraph (A), (B), and (C) of subdivision (b)(2) of this rule.

16  Further, the rule provides that the failure to serve timely responses to discovery may not be
17  excused on the ground that the discovery sought is objectionable unless the party so asserting has
18  a motion for a protective order pending. See Fed. R. Civ. P. 37(d). The rule specifically requires
19  proper service of the discovery requests at issue. Here, plaintiff states that he served discovery
20  requests on September 5, 2005, and again sometime in October. Plaintiff has not, however,
21  provided proof of service of these discovery requests. Therefore, plaintiff's motion to compel
22  will be denied.
23  / / /
24  / / /
25  / / /
26  / / /

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions to file a supplemental complaint (Docs. 39 and 47) are denied;

2. Plaintiff's requests for judicial notice (Docs. 45, 48, 51, and 53) are denied; and

3. Plaintiff's motion to compel (Doc. 55) is denied.

DATED: February 6, 2006.

                                      **CRAIG M. KELLISON**
                                      UNITED STATES MAGISTRATE JUDGE