IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLASS W. HYSELL,                    No. CIV S-04-0355-FCD-CMK-P

    Plaintiff,

  vs.                                  FINDINGS AND RECOMMENDATIONS

C.K. PLILER, et al.,

    Defendants.

                         /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are plaintiff's motions for temporary restraining orders (Docs. 44, 46, and 52).

        The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  See Oakland Tribune, 762 F.2d at 1376.  Under any formulation of the test, however, the moving party must demonstrate that there exists a significant threat of

1  irreparable injury.  See id.  In the absence of a significant showing of possible irreparable harm,
2  the court need not reach the issue of likelihood of success on the merits.  See id.  The loss of
3  money, or an injury whose measure of damages can be calculated in terms of money, will not be
4  considered irreparable.  See id. at 1334-35.

5        The standard for a temporary restraining order is essentially the same.  The
6  purpose in issuing a temporary restraining order is to preserve the status quo pending a more
7  complete hearing.  The cases contain limited discussion of the standards for issuing a temporary
8  restraining order due to the fact that very few such orders can be appealed prior to the hearing on
9  a preliminary injunction.  It is apparent however, that requests for temporary restraining orders
10 are governed by the same general standards that govern the issuance of a preliminary injunction.
11 See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,
12 J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir.
13 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368
14 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the
15 balance of hardships because the merits of a controversy are often difficult to ascertain and
16 adjudicate on short notice.

17       Eastern District of California Local Rules impose additional requirements for a
18 motion for a temporary restraining order.  First, the court will consider whether the moving party
19 could have sought relief by a noticed motion for a preliminary injunction at an earlier date
20 without the necessity of seeking last-minute relief by motion for a temporary restraining order.
21 See Local Rule 65-231(b).  Second, the moving party must provide specific documents to the
22 court in support of the requested temporary restraining order.  See Local Rule 65-231(c).

23       Finally, in cases brought by prisoners involving conditions of confinement, any
24 temporary restraining order or preliminary injunction must be narrowly drawn, extend no further
25 than necessary to correct the harm the court finds requires preliminary relief, and be the least
26 intrusive means necessary to correct the harm.  See 18 U.S.C. § 3626(a)(2).

Here, plaintiff's motions for injunctive relief seek to enjoin prison officials at Mule Creek State Prison from relocating the area for pagan religious practices, and from harassing plaintiff and other inmates by subjecting them to cell searches. The court notes that the complaint in this case concerns events which occurred while plaintiff was housed at California State Prison, Sacramento, and names defendants at that institution. The instant motions for injunctive relief concern individuals who are officials at Mule Creek State Prison and who are not named as defendants to this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

Based on the foregoing, the undersigned recommends that plaintiff's motions for injunctive relief be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2006.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE