IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLASS W. HYSELL, | No. CIV S-04-0355-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| C.K. PLILER, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The action is proceeding on plaintiff's second amended complaint, filed on July 13, 2004.  Defendants Woodford, Johnson, Hamad, Carlson, Jackson, Hill, Pliler, Goldsmith, and Rosario appeared in the action on August 17, 2005, by way of their answer filed on August 17, 2005.  The court determined that the second amended complaint was also appropriate for service on defendants Grant, Wiley, and "CDC Deputy Director."  On June 14, 2005, the summons was returned unexecuted as to defendant "CDC Deputy Director."  On November 22, 2005, the summonses were returned unexecuted as to defendants Grant and Wiley. In light of this procedural history, the court issued an order on February 7, 2006, directing plaintiff to show cause why unserved defendants should not be dismissed pursuant to Federal.

1 | Rule of Civil Procedure 4(m).  Plaintiff responded on February 17, 2006.

2 |      In his response, plaintiff states that "CDC Deputy Director" has, in fact, been
3 | served.  A further review of the court's file indicates that plaintiff is correct.  The summons as to
4 | "CDC Deputy Director" was returned executed on December 19, 2005.  The return shows that
5 | Susan L. Hubbard is the CDC Deputy Director.  The return also indicates that defendant
6 | Hubbard responded to the summons by way of an answer filed on or about August 17, 2005
7 | (Doc. 40).  A review of that document, however, reveals that defendant Hubbard is not one of the
8 | answering defendants.  It therefore appears that defendant Hubbard has failed to answer.  The
9 | court will vacate the order to show cause as to defendant Hubbard as having been issued in error
10 | and will direct defendant Hubbard to show cause why her default should not be entered.

11 |      As to defendants Grant and Wiley, plaintiff concedes that these defendants have
12 | not been served.  Moreover, on June 21, 2005, the court issued an order providing plaintiff with
13 | instructions for obtaining additional information for service from such sources as discovery and
14 | the California Public Records Act.  Therefore, plaintiff has had ample opportunity to provide the
15 | court with additional information in order to effect service on Grant and Wiley.  Pursuant to
16 | Federal Rule of Civil Procedure 4(m), an action shall be dismissed as against any defendant who
17 | is not served within 120 days after the complaint is filed.  This action was deemed appropriate
18 | for service on March 28, 2005, and, to date, defendants Grant and Wiley have not been served.
19 | By findings and recommendations issued separately, the court will recommend dismissal of the
20 | action as to Grant and Wiley.
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /

Accordingly, IT IS HEREBY ORDERED that:

1. The court's February 7, 2006, order to show cause is vacated as having been issued in error as to defendant "CDC Deputy Director" only; and

2. Within 20 days from the date of service of this order, defendant "CDC Deputy Director," aka Susan L. Hubbard, shall show cause in writing why her default should not be entered for failure to respond to the complaint.

DATED: February 27, 2006.

                                           **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE