IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLASS W. HYSELL, | No. CIV S-04-0355-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| C.K. PLILER, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The action is proceeding on plaintiff's second amended complaint, filed on July 13, 2004. Defendants Woodford, Johnson, Hamad, Carlson, Jackson, Hill, Pliler, Goldsmith, and Rosario appeared in the action on August 17, 2005, by way of their answer filed on August 17, 2005.[1]

---

[1] The court also determined that the second amended complaint was appropriate for service on defendants Grant, Wiley, and "CDC Deputy Director." On November 22, 2005, the summonses were returned unexecuted as to defendants Grant and Wiley, who have both since been dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).
   The summons as to "CDC Deputy Director" was returned executed on December 19, 2005. The return shows that Susan L. Hubbard is the Deputy Director of the California Department of Corrections and Rehabilitation, formerly the California Department of Corrections ("CDC"). While the return also indicated that defendant Hubbard answered the complaint with the other defendants on August 17, 2005, a review of the answer reveals that

1

Pending before the court are the following: (1) plaintiff's motion entitled "Objection to Appointment of the Attorney Generals Office Due To a Conflict of Interest," in which plaintiff seeks to have defendants' counsel relieved (Doc. 37); (2) defendants' motion to stay these proceedings (Doc. 90); (3) plaintiff's motion to compel discovery responses (Doc. 100); and (4) plaintiff's motion for leave to file a supplemental complaint (Doc. 101). Plaintiff's motion for summary judgment (Doc. 89) will be addressed by separate findings and recommendations.

## I.  DISCUSSION

### A.   Motion to Relieve Attorney General's Office

In his motion, plaintiff states that this court should find that a conflict of interest exists on the part of various members of the California Attorney General's Office because defendants acted "outside of the color of authority" and shouldn't be entitled to representation in this action by the state. Without commenting on the various allegations of official misconduct contained in plaintiff's motion, the court does note that plaintiff is now taking a position completely inconsistent with the gravamen of his § 1983 complaint. Specifically, on the one hand, he now asserts that defendants acted outside the color of authority. However, on the other hand, plaintiff necessarily alleges in this action that defendants acted under color of state law, otherwise no § 1983 action could be stated. Therefore, accepting plaintiff's allegation that defendants acted under color of state law as true, the court cannot logically reach the conclusion sought in plaintiff's motion. The motion will be denied.

---

defendant Hubbard was not one of the answering defendants.
    The February 28, 2006, order directed defendants to show cause why default should not be entered against defendant Hubbard. Defendants' counsel responded in writing to the order to show cause and, after speaking with court staff, agreed to secure a waiver of service from defendant Hubbard and to arrange to appear in this action on her behalf. The court has not yet vacated the order to show cause regarding defendant Hubbard's default, but will do so upon her appearance in this action. To date, defendant Hubbard still has not appeared in the action and the default order to show cause remains outstanding.

2

### B. Motion to Stay Proceedings

Defendants seek a stay of all further proceedings in this action arguing that, if class certification is granted in <u>McCollum v. California Dept. of Corrections</u>, No. C-04-3339-CRB (N.D. Cal), plaintiff will be part of that class. Until such time as the court in <u>McCollum</u> grants class certification, defendants' motion is speculative and premature. It could very well be that class certification is denied, in which case defendants' motion would have no factual basis. The motion will be denied without prejudice to renewal if the court in <u>McCollum</u> grants class certification.

### C. Motion to Compel

In his motion to compel, plaintiff alleges that defendants have completely failed to respond to his request for production of documents. Defendants will be required to respond.

### D. Motion to File Supplemental Complaint

This is plaintiff's second request under Federal Rule of Civil Procedure 15(d) for leave to file a supplemental complaint. In his first request, plaintiff stated that he wanted to add claims concerning events which occurred since he was transferred from California State Prison, Sacramento (where the events alleged in the instant action occurred), to Mule Creek State Prison. In this regard, the proposed supplemental complaint would have named new defendants with respect to allegations concerning Mule Creek State Prison. Plaintiff also sought to add two additional plaintiffs, both of whom are inmates at Mule Creek State Prison. On February 7, 2006, the court denied the first request, explaining that:

> . . . The court finds that allowing this action to proceed with multiple incarcerated pro se plaintiffs presents procedural problems that cause delay and confusion. This is consistent with the court's February 19, 2004, order severing this action. To the extent plaintiff, along with the other two inmates mentioned in his papers, have claims arising from events at Mule Creek State Prison, such claims should be presented to the court in the context of separate actions by each inmate.

///

In the current motion, plaintiff states that he now only seeks to add the new claims arising after his transfer to Mule Creek State Prison. Plaintiff specifically states that this motion is different from the first in that he is not seeking to add additional plaintiffs. However, the problem still persists that the proposed supplemental complaint would add a number of new allegations as against new defendants, specifically the Mule Creek State Prison defendants. Rule 15(d), by its plain language, envisions that supplemental pleadings relate to new claims against the same defendants. The rule provides that, "[i]f the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order . . ." Fed. R. Civ. P. 15(d). This would require the court to already have jurisdiction over the adverse party, which would not be the case if new defendants were added by way of a supplemental pleading. The language of Rule 15(d) is in contrast to the language in Rule 15(a), which allows for amended pleadings as of right before any defendant has appeared in the action (i.e., before the court has jurisdiction over the defendants). Thus, where the plaintiff seeks to add new defendants, an amended pleading, as opposed to a supplemental pleading, would be appropriate. Because plaintiff has specifically made his instant request pursuant to Rule 15(d), the court declines to address the motion under Rule 15(a). The motion to file a supplemental complaint will be denied.

## II.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion to relieve the California Attorney General's Office (Doc. 37) is denied;

2.   Defendants' motion to stay these proceedings (Doc. 90) is denied without prejudice to renewal if class certification is granted in McCollum;

3.   Defendants shall file a response to plaintiff's motion to compel (Doc. 100) within 30 days of the date of service of this order; and

/ / /

4. Plaintiff's motion to file a supplemental complaint (Doc. 101) is denied.

DATED: May 31, 2006.

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE