IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLASS W. HYSELL, | No. CIV S-04-0355-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| C.K. PLILER, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  The action is proceeding on plaintiff's second amended complaint, filed on July 13, 2004.  Defendants Woodford, Johnson, Hamad, Carlson, Jackson, Hill, Pliler, Goldsmith, Rosario, and Hubbard have appeared in the action.[1]

/ / /

/ / /

/ / /

---

[1] The court also determined that the second amended complaint was appropriate for service on defendants Grant and Wiley.  On November 22, 2005, the summonses were returned unexecuted as to defendants Grant and Wiley, and the court has since dismissed these defendants pursuant to Federal Rule of Civil Procedure 4(m).

1

Pending before the court is plaintiff's motion to compel discovery responses (Doc. 100). Defendants have filed an opposition.[2]

In his motion to compel, plaintiff alleges that defendants have completely failed to respond to his request for production of documents. Federal Rule of Civil Procedure 37(d) provides, in pertinent part, as follows:

> If a party...fails...to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or...to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraph (A), (B), and (C) of subdivision (b)(2) of this rule.

Further, the rule provides that the failure to serve timely responses to discovery may not be excused on the ground that the discovery sought is objectionable unless the party so asserting has a motion for a protective order pending. See Fed. R. Civ. P. 37(d).

In their response to plaintiff's motion, defendants state that, in fact, they served timely responses on May 30, 2006 – the last day to timely serve responses. Because responses have been timely served, plaintiff's motion to compel must be denied. Given that plaintiff's motion was filed on May 26, 2006 – before responses were even due – it appears that plaintiff's motion was simply premature.

/ / /

/ / /

/ / /

/ / /

---

[2] On June 1, 2006, the court issued an order directing defendants to file a response to plaintiff's motion. However, at the time that order was issued, defendants' response – which was filed on May 31, 2006, had not yet been entered on the court's docket. Given that defendants have filed a response, the language in the June 1, 2006, order requiring a response is moot.

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel
2 discovery responses (Doc. 100) is denied.
3
4 DATED: June 2, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE