IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOUGLASS W. HYSELL,                    No. CIV S-04-0355-FCD-CMK-P

    Plaintiff,

  vs.                                                ORDER

C.K. PLILER, et al.,

    Defendants.

                              /

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The action is proceeding on plaintiff's second amended complaint, filed on July 13, 2004.[1] Pending before the court is plaintiff's motion to compel further responses to requests for production of documents (Doc. 110). Defendants have filed a response (Doc. 118). The parties' status report and a further schedule for this case will be addressed by separate order.

**I. STANDARD FOR MOTION TO COMPEL**

        Generally, discovery may be obtained "...regarding any matter, not privileged,

---

[1] On February 7, 2006, the court denied plaintiff's request to supplement the complaint to all claims concerning events which have allegedly occurred since he was transferred from California State Prison, Sacramento, where the events alleged in the second amended complaint. In that order, the court observed that ". . . the operative complaint in this case concerns events which occurred at California State Prison, Sacramento, and involve only one plaintiff." Plaintiff was incarcerated at California State Prison, Sacramento, from May 12, 1998, to February 24, 2004.

which is relevant to the subject matter involved in the pending action..." Fed. R. Civ. P. 26(b)(1).  Relevancy in the discovery context has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that bear on, any issue that is in the case.  See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 352 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)).  Therefore, a discovery request directed at discovering a matter which is not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Fed. R. Civ. P. 26(b)(1).  See id.  Consistent with this rule, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues.  See id. at 351.  Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits.  Id.

Discovery may not be obtained regarding matters which are privileged.  See Fed. R. Civ. P. 26(b)(1).  Thus, if a discovery privilege exists, information may be withheld, even if relevant to the case.  See Baldridge v. Shapiro, 455 U.S. 345 (1982).  The question of privilege is determined by reference to the Federal Rules of Evidence.  See Campbell v. Gerrans, 592 F.2d 1054 (9th Cir. 1979).  Generally, questions of privilege "...shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience."  Fed. R. Evid. 501.  However, in civil actions which do not raise a federal question, the question of privilege is determined by state law.  See Fed. R. Evid. 501.  But, "when state privilege law is consistent, or at least compatible with, federal privilege law, the two shall be read together in order to accommodate the legitimate expectations of the state's citizens."  Pagano v. Oroville Hospital, 145 F.R.D. 683, 687 (E.D. Cal. 1993).

Finally, relevant non-privileged discovery may be limited if:  (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient; or (2) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery

in resolving the issues.  See Fed. R. Civ. P. 26(b)(2).

## II.  DISCUSSION

Plaintiff seeks further responses to seven requests for production of documents served on defendants.

**Request Nos. 1, 3, and 4**

In his first request for production of documents, plaintiff seeks:

> Any and all notes, documents, letters, memoranda, files, records, record books, logs, grievance reports, written communications, complaints, investigative files, or other documents created in response to such documents, dealing with the pagan religion, any problems with the right to practice, the right to free exercise of their practices, making religious orders for religious artifacts and books, from CDCR administration at Sacramento and at CSP/SAC and MCSP from 1999 to present.

In his third request, plaintiff seeks:

> Any and all policies, directives, or instructions to staff on the pagan religions from 1999 to present.

In this fourth request, plaintiff seeks:

> Any and all policies, directives, or instructions to staff concerning the ordering of religious items, books, herbs, and anything else of a religious nature. From 1999 to present.

Defendants raised a number of objections and stated in their response that "the court has ruled that this suit involves only plaintiff, and only for the time he was housed at California State Prison – Sacramento . . ."[2]  Without waiving objections, defendants produced documents responsive to these requests. Specifically, defendants produced, among other documents, the following:

---

[2] Defendants reference the court's February 7, 2006, order.  The court, however, made no such "ruling" in that order.  Instead, the court merely remarked on the scope of plaintiff's allegations.

3

1. January 8, 1998, memorandum concerning implementation of a settlement agreement in <u>Rouser v. White</u>, No. CIV S-93-0767-LKK-GGH, on Wiccan religious practices;

2. May 11, 1999, memorandum concerning <u>Rouser v. White</u>;

3. June 21, 1999, memorandum concerning inmate Rouser's Wiccan religious practices;

4. August 4, 1999, memorandum concerning inmate Rouser;

5. October 25, 2001, and October 16, 2002, memoranda concerning Wiccan Samhain celebration;

6. March 21, 2002, "Master Ducat Sheet" showing plaintiff's name under the listing for "Chapel/Wiccan Service;"

7. April 29, 2002, April 15, 2003, March 24, 2004, and March 26, 2004, memoranda concerning Wiccan Beltane Sabbat celebration;

8. September 20, 2002, August 21, 2003, and September 5, 2003, memoranda concerning Wiccan Autumn Equinox Sabbat celebration;

9. January 15, 2003, and January 5, 2004, memoranda concerning Wiccan Imbolg Sabbat celebration;

10. February 13, 2003, and February 19, 2004, memoranda concerning Wiccan Spring Equinox Sabbat celebration;

11. May 15, 2003, June 4, 2003, and May 11, 2004, memoranda concerning Wiccan Summer Solstice Sabbat celebration;

12. July 1, 2003, memorandum concerning Wiccan Lamas Sabbat celebration;

13. November 24, 2003, and December 11, 2003, memoranda concerning Wiccan Yul Sabbat celebration; and

14. August 1, 2001, and February 5, 2002, memoranda concerning Wiccan religious artifacts.

In his motion to compel further responses, plaintiff states that he needs the requested documents to prove his case. He seems to forget, however, that defendants in fact produced documents responsive to these requests. Defendants have not asserted any privileges or withheld documents, except as to a limitation in scope to the time frame alleged in the amended complaint. Therefore, further responses are not required.

**Request No. 2**

In his second request, plaintiff seeks:

> Any and all of the items described in number one above dealing with retaliation by defendants and their agents for asserting the right to practice by pagan inmates and retaliation for filing grievances and legal actions.

Defendants objected on relevance grounds, among other reasons, because plaintiff does not raise any retaliation claims.

In his motion to compel, plaintiff argues that he and other inmates have experienced retaliation for filing complaints about alleged violations of their religious rights. However, as defendants note, plaintiff does not appear to allege retaliation in violation of the First Amendment in the amended complaint. Moreover, because this action concerns only alleged violations of plaintiff's rights, any documents responsive to this request which are contained in his central file are equally available to him. Defendants should not be required to produce these documents at their expense. Finally, the court also sustains defendants' objection based on vagueness as the phrase "dealing with retaliation" does not convey any specificity.

**Request Nos. 5, 6, and 7**

In his fifth request, plaintiff seeks:

> Any and all notes, documents, letters, memoranda, files, records, record books, logs, grievance reports, written communications, complaints, investigative files, or other documents created in response to such documents, dealing with the problems with the grievance system, the problems filing grievances, the rejecting grievances and not filing them, at CSP/SAC and MCSP from 1999 to present.

In his sixth request, plaintiff seeks:

> Any logs, lists, or other documents reflecting grievances filed by inmates at CSP/SAC and MCSP concerning religious issues and problems with the grievance system from 1999 to present.

In his seventh request, plaintiff seeks:

> Any and all documents created from the director on down

concerning the grievances filed by plaintiff concerning anything religious or problems with my filing of grievances.

Defendants objected to these requests as being over broad, vague, and on relevance grounds. Defendants also reiterated that this action is limited to plaintiff's time at California State Prison, Sacramento, and that documents responsive to the requests are available in plaintiff's central file.

In his motion to compel, plaintiff states that the requested documents are ". . . very important, since there is a mandatory exhaustion requirement or we can't go to court." He also states that inmate grievances are "denied for no valid reason." Plaintiff further asserts that the grievance system "denies due process." He also complains that the inmate grievance process is set up to discourage inmates and is a waste of taxpayer money. As defendants point out, however, the amended complaint does not raise claims based on violation of due process or, as discussed above, violation of his First Amendment right to present grievances. With respect to request no. 7, which appears to seek documents specifically relating to plaintiff's grievances and the exhaustion of administrative remedies, such documents would be available to plaintiff via his central file.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. 110) is denied.

DATED: January 25, 2007.

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE