IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLASS W. HYSELL, | No. CIV S-04-0355-FCD-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| C.K. PLILER, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are the following documents filed by plaintiff: "Writ of Mandate" (Doc. 131), filed on July 20, 2007; and (2) "Motion for Court to Order Pleasant Valley State Prison Officials to Give Plaintiff Access to His Legal Materials" (Doc. 136), filed on August 23, 2007.

   Both of plaintiff's documents seek an order directing prison officials to provide plaintiff access to his legal materials.  Plaintiff states that, without these materials, he cannot "litigate or make court deadlines."  Therefore, the court construes plaintiff's filings as motions for injunctive relief.

/ / /

1    In his July 20, 2007, filing, plaintiff seeks an order directed to "Pleasant Valley
2 State Prison officials." He alleges that unnamed "staff" and the "litigation coordinator" are
3 hampering his ability to litigate by restricting his access to legal materials to "a couple of manilla
4 envelopes equal to one foot worth of legal work. . . ." In particular, plaintiff asserts that he is
5 being denied "meaningful access to the courts" and that he is being prejudiced by the access
6 limitation.
7    The legal principles applicable to requests for injunctive relief, such as a
8 temporary restraining order or preliminary injunction, are well established. To prevail, the
9 moving party must show either a likelihood of success on the merits and the possibility of
10 irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in
11 the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir.
12 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The
13 two formulations represent two points on a sliding scale with the focal point being the degree of
14 irreparable injury shown. See Oakland Tribune, 762 F.2d at 1376. Under any formulation of the
15 test, however, the moving party must demonstrate that there exists a significant threat of
16 irreparable injury. See id. In the absence of a significant showing of possible irreparable harm,
17 the court need not reach the issue of likelihood of success on the merits. See id. The loss of
18 money, or an injury whose measure of damages can be calculated in terms of money, will not be
19 considered irreparable. See id. at 1334-35.
20    The standard for a temporary restraining order is essentially the same. The
21 purpose in issuing a temporary restraining order is to preserve the status quo pending a more
22 complete hearing. The cases contain limited discussion of the standards for issuing a temporary
23 restraining order due to the fact that very few such orders can be appealed prior to the hearing on
24 a preliminary injunction. It is apparent however, that requests for temporary restraining orders
25 are governed by the same general standards that govern the issuance of a preliminary injunction.
26 See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist,

J.); <u>Los Angeles Unified Sch. Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice

Here, plaintiff asserts that prison "staff" and the "litigation coordinator" are engaging in acts of retaliation due to plaintiff's religious beliefs and lawsuits. Specifically, he states that he has been improperly placed in administrative segregation. According to plaintiff, prison officials have singled him out as the "second in command" of a Wiccan group involved in criminal activity.

Initially, the court observes that plaintiff does not name in his motion any specific defendants to the instant action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100, 112 (1969). Not only do plaintiff's motions fail to identify any defendants to this case, they do not identify any specific individuals at all.

In addition, the court finds that plaintiff has not demonstrated a likelihood of irreparable injury. Plaintiff complains about denial of access to the courts. As a jurisdictional requirement flowing from the standing doctrine, a prisoner must allege an actual injury to establish such a claim. See <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996). "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim. See <u>id.</u> In this case, plaintiff has not alleged an actual injury because, while he has mentioned his ability to litigate and meet court deadlines, he has not alleged that he has been prevented from meeting a deadline. Plaintiff has obtained an extension of the earliest deadline in this case to September 24, 2007, and the court is willing to entertain requests for reasonable extensions of time. Plaintiff does not provide specific information regarding any other pending action.

1    Finally, plaintiff cannot establish a claim based on denial of access to the courts
2 by alleging delay.  Delays in providing legal materials, even when they result in prejudice, are
3 "not of constitutional significance" if the delay is reasonably related to legitimate penological
4 purposes.  Id. at 362.  Here, plaintiff has made no showing regarding whether the limitation on
5 access to legal material described in his motions fails to serve a legitimate penological purpose.
6 Because plaintiff has said nothing concerning penological interests, his motions fails to establish
7 that injunctive relief is appropriate.
8    Based on the foregoing, the undersigned recommends that plaintiff's motions for
9 injunctive relief (Docs. 131 and 136) be denied.
10    These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
12 after being served with these findings and recommendations, any party may file written
13 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
14 Findings and Recommendations."  Failure to file objections within the specified time may waive
15 the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17 DATED:  August 31, 2007.

                                                    _____
                                                    **CRAIG M. KELLISON**
                                                    UNITED STATES MAGISTRATE JUDGE